IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| JOHN P. LIPP and STEPHANIE S. LIPP, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2:15-cv-04257-NKL |
| ACC OP (Turner Ave), LLC d/b/a ACC OP DEVELOPMENT, LLC d/b/a AMERICAN CAMPUS COMMUNITIES, GINGER C, LLC, PI KAPPA PHI FRATERNITY, INC., and PI KAPPA PHI FRATERNITY MISSOURI BETA EPSILON CHAPTER, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## PROTECTIVE ORDER

Upon consideration of the Stipulation for Entry of Protective Order concerning certain information and documents which have been or may be provided by Defendant Ginger C to Plaintiffs and it appearing to the Court that sufficient cause exists for the issuance of a protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

**IT IS HEREBY ORDERED** as follows:

1. In accordance with the provisions set forth below, the Court intends that information and documents produced, obtained, or exchanged as described herein shall be used by the party to whom such documents are produced, obtained or exchanged solely for the purpose of this lawsuit and for no other purpose.

2. Documents produced by Ginger C pertaining to Ginger C's purchase and sale of properties to ACC OP Development, LLC and/or ACC OP (Turner Ave), LLC specifically

1

including but not limited to the property formerly known as 507 S. Fourth Street, Columbia, Missouri 65201, including all correspondence, contracts, agreements, emails, or other documents pertaining thereto, which documents and information are not already part of the public domain may be designated as "Confidential." All documents and information so designated and all copies thereof (hereinafter referred to collectively as "the Confidential Information"), shall be treated as Confidential and shall not be disclosed except as provided in this Order; provided, however, that counsel for the party designating information as Confidential may, in writing and without Court approval, agree to release any of the Confidential Information from the requirements of this Order; and provided further that nothing in this Order shall prevent any party from challenging the designation of any document as Confidential.

3. Ginger C may designate a document as Confidential pursuant to the terms of this Order by affixing to the first page thereof a stamp with the legend "Confidential" or "Confidential, Subject to Protective Order" or may, in the alternative, by written notice inform opposing counsel that the document is to be treated as Confidential Information.

4. Confidential Information shall be produced only to counsel of record in this action, each of whom is bound by the terms of this Order.

5. Neither the Confidential Information nor its contents shall be disclosed to any other person without the agreement of the party designating information as Confidential, except that counsel may, without further agreement, disclose Confidential Information or its contents to the following persons for use solely in connection with this action under the following conditions:

    a. Any party, attorney, legal assistant, or other employee of the parties who has a need to handle the Confidential Information under normal office procedure;

b. Experts or consultants retained by the parties with respect to this action;

c. Any person from whom testimony has been taken or is reasonably expected to be taken in this action (whether by deposition or at trial);

d. Plaintiff and any person who is an officer, director, or employee or representative of Defendants, who has a legitimate need to know the contents of Confidential Information in the context of this litigation;

e. This Court and its staff; and

f. Any court reporters present in their official capacity at any hearing, deposition, or other proceeding in this action.

7. Any party may also designate a portion of a deposition as Confidential Information by notifying the other party in writing within 20 days of receipt of the transcript of the portions that are designated Confidential. All depositions shall be treated as Confidential Information during this 20-day period.

8. Confidential Information shall be used solely for the purpose of prosecution or defense of this action and such documents may be used, consistent with the terms of this Order, in pre-trial discovery, motions and at the trial or preparation for trial and any appeals of this action. The use of Confidential Information at trial, in motions or at depositions shall not be deemed a waiver of this Order.

9. This Order has no effect upon, and its scope shall not extend to, the parties' use of their own Confidential Information.

10. Producing or receiving materials or otherwise complying with the terms of this Order shall not:

a. Operate as an admission by any party that any particular discovery material contains or reflects any Confidential Information; or

b. Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise; or

c. Prejudice in any way the rights of a party to seek a Court determination whether particular discovery materials should be produced; or

d. Prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of documents or information as that party may consider appropriate.

11. The confidentiality provisions of this Order shall survive any settlement, judgment or other disposition or conclusion of this action, and all appeals therefrom unless otherwise Ordered by this Court. At the conclusion of this litigation, including any appeals which may be filed, each party will return to the other all Confidential documents, including copies, received from the other during the course of this litigation, unless otherwise ordered by this Court.

12. Any party may at any time and for any reason seek modification of this Protective Order. This Protective Order can be modified only by written agreement of the parties or by Order of the Court. Each party reserves the right to object to any party's motion or request to modify this Protective Order.

**IT SO ORDERED.**

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: January 20, 2016
Jefferson City, Missouri