IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI, CENTRAL DIVISION

| | | |
|---|---|---|
| JOHN P. LIPP and STEPHANIE S. LIPP, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2:15-cv-04257-NKL |
| ACC OP (Turner Ave), LLC d/b/a ACC OP DEVELOPMENT, LLC d/b/a AMERICAN CAMPUS COMMUNITIES, GINGER C, L.L.C., PI KAPPA PHI FRATERNITY and PI KAPPA PHI FRATERNITY MISSOURI BETA EPSILON CHAPTER | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## PKP DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendants Pi Kappa Phi Fraternity, Inc. ("National") and Pi Kappa Phi Fraternity Missouri Beta Epsilon ("Chapter") (collectively, the "PKP Defendants"), file this, their Original Answer and Affirmative Defenses, and respectfully show as follows:

### ORIGINAL ANSWER

Unless specifically admitted herein, PKP Defendants deny each and every allegation, statement or conclusion set forth in Plaintiffs' First Amended Complaint, which is the live pleading in this matter. PKP Defendants' admissions and denials in the paragraphs numbered below correspond to the numbered paragraphs in Plaintiffs' First Amended Complaint.

1. PKP Defendants do not have sufficient information to admit or deny the allegations in paragraph 1 of the First Amended Complaint regarding John Lipp, and therefore deny the same.

2. PKP Defendants do not have sufficient information to admit or deny the allegations in paragraph 2 of the First Amended Complaint regarding Stephanie Lipp, and therefore deny the same.

1

3. PKP Defendants do not have sufficient information to admit or deny the allegations in paragraph 3 of the First Amended Complaint, and therefore deny the same.

4. PKP Defendants do not have sufficient information to admit or deny the allegations in paragraph 4 of the First Amended Complaint regarding Defendant ACC OP, and therefore deny the same.

5. PKP Defendants do not have sufficient information to admit or deny the allegations in paragraph 5 of the First Amended Complaint regarding Defendant Ginger C, LLC, and therefore deny the same.

6. The PKP Defendants admit that Pi Kappa Phi Fraternity National Headquarters is a nationwide unincorporated association of individuals as alleged in paragraph 6 of the First Amended Complaint.

7. The PKP Defendants admit that Pi Kappa Phi Fraternity Missouri Beta Epsilon is a local unincorporated association of individuals as alleged in paragraph 7 of the First Amended Complaint.

## JURISDICTION AND VENUE

8. PKP Defendants admit Plaintiffs' First Amended Complaint brings a civil action under Missouri state law; but denies that PKP Defendants committed any act that caused the death of Jack Lipp.

9. PKP Defendants admit the allegations in paragraph 9 of the First Amended Complaint.

10. PKP Defendants deny that they caused any of Plaintiffs' alleged damages and further state that PKP Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 10, and therefore, deny the same.

## FACTS APPLICABLE TO ALL COUNTS

11. PKP Defendants do not have sufficient information to admit or deny the allegations in paragraph 11 of the First Amended Complaint, and therefore deny the same.

12. PKP Defendants do not have sufficient information to admit or deny the allegations in paragraph 12 of the First Amended Complaint, and therefore deny the same.

13. PKP Defendants do not have sufficient information to admit or deny the allegations in paragraph 13 of the First Amended Complaint, and therefore deny the same.

14. PKP Defendants do not have sufficient information to admit or deny the allegations in paragraph 14 of the First Amended Complaint, and therefore deny the same.

15. PKP Defendants do not have sufficient information to admit or deny the allegations in paragraph 15 of the First Amended Complaint, and therefore deny the same.

16. PKP Defendants do not have sufficient information to admit or deny the allegations in paragraph 16 of the First Amended Complaint, and therefore deny the same.

17. PKP Defendants admit the allegations in paragraph 17 of the First Amended Complaint.

18. PKP Defendants do not have sufficient information to admit or deny the allegations in paragraph 18 of the First Amended Complaint, and therefore deny the same.

19. PKP Defendants do not have sufficient information to admit or deny the allegations in paragraph 19 of the First Amended Complaint, and therefore deny the same.

20. PKP Defendants deny that Mr. Strzalka and Mr. Smith were members of the Pi Kappa Phi Fraternity, and further state that Mr. Novak was not in good standing with the Pi Kappa Phi Fraternity at the time of the alleged incident. PKP Defendants do not have sufficient information to admit or deny the remaining allegations in paragraph 20 of the First Amended Complaint, and therefore deny the same.

21. PKP Defendants do not have sufficient information to admit or deny the allegations in paragraph 21 of the First Amended Complaint, and therefore deny the same.

22. PKP Defendants do not have sufficient information to admit or deny the allegations in paragraph 22 of the First Amended Complaint, and therefore deny the same.

23. PKP Defendants do not have sufficient information to admit or deny the allegations in paragraph 23 of the First Amended Complaint, and therefore deny the same.

24. PKP Defendants do not have sufficient information to admit or deny the allegations in paragraph 24 of the First Amended Complaint, and therefore deny the same.

25. PKP Defendants do not have sufficient information to admit or deny the allegations in paragraph 25 of the First Amended Complaint, and therefore deny the same.

26. PKP Defendants do not have sufficient information to admit or deny the allegations in paragraph 26 of the First Amended Complaint, and therefore deny the same.

27. PKP Defendants do not have sufficient information to admit or deny the allegations in paragraph 27 of the First Amended Complaint, and therefore deny the same.

28. PKP Defendants do not have sufficient information to admit or deny the allegations in paragraph 28 of the First Amended Complaint, and therefore deny the same.

29. PKP Defendants deny the allegations in paragraph 29 of the First Amended Complaint and further deny any statement in the exhibit attached to Plaintiffs' First Amended Complaint as Exhibit M that is cited to support the allegations contained in paragraph 29.

30. PKP Defendants deny the allegations in paragraph 30 of the First Amended Complaint.

31. PKP Defendants deny the allegations in paragraph 31 of the First Amended Complaint and further deny any statement in the exhibit attached to Plaintiffs' First Amended Complaint as Exhibit N that is cited to support the allegations contained in paragraph

32. PKP Defendants do not have sufficient information to admit or deny the allegations in paragraph 32 of the First Amended Complaint, and therefore deny the same.

33. PKP Defendants do not have sufficient information to admit or deny the allegations in paragraph 33 of the First Amended Complaint, and therefore deny the same.

34. PKP Defendants deny the allegations in paragraph 34 of the First Amended Complaint regarding the number of attendants at the party and the characterization of the party as a "rush party." PKP Defendants do not have sufficient information to admit or deny the remaining allegations in paragraph 34 of the First Amended Complaint, and therefore deny the same.

35. PKP Defendants deny the allegations characterizing the party as a "rush party." PKP Defendants do not have sufficient information to admit or deny the remaining allegations in paragraph 35 of the First Amended Complaint, and therefore deny the same.

36. PKP Defendants do not have sufficient information to admit or deny the allegations in paragraph 36 of the First Amended Complaint, and therefore deny the same.

37. PKP Defendants do not have sufficient information to admit or deny the allegations in paragraph 37 of the First Amended Complaint, and therefore deny the same.

38. PKP Defendants deny the allegations characterizing the party as a "rush party." PKP Defendants do not have sufficient information to admit or deny the remaining allegations in paragraph 38 of the First Amended Complaint, and therefore deny the same.

39. PKP Defendants do not have sufficient information to admit or deny the allegations in paragraph 39 of the First Amended Complaint.

40. PKP Defendants do not have sufficient information to admit or deny the allegations in paragraph 40 of the First Amended Complaint, and therefore deny the same.

41. PKP Defendants admit that Jack Lipp died on December 25, 2014. PKP Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 41, and therefore deny the same.

## COUNT I – NEGLIGENCE
## DEFENDANT ACC

42. PKP Defendants incorporate by reference their responses to paragraphs 1-41, above.

43. PKP Defendants state that paragraph 43 is not directed to and seeks no relief from PKP Defendants, and accordingly, PKP Defendants make no response to paragraph 43. Further, this paragraph contains legal argument for which no response is required; to the extent a response is required, the allegations are denied.

44. PKP Defendants state that paragraph 44 is not directed to and seeks no relief from PKP Defendants, and accordingly, PKP Defendants make no response to paragraph 44. Further, this paragraph contains legal argument for which no response is required; to the extent a response is required, the allegations are denied.

45. PKP Defendants state that paragraph 45 is not directed to and seeks no relief from PKP Defendants, and accordingly, PKP Defendants make no response to paragraph 45. To the extent paragraph 45 is deemed to make allegations directed to or seek relief from PKP Defendants, PKP Defendants do not have sufficient information to admit or deny the allegations in paragraph 45 of the First Amended Complaint, and therefore deny the same.

46. PKP Defendants state that paragraph 46 is not directed to and seeks no relief from PKP Defendants, and accordingly, PKP Defendants make no response to paragraph 46. Further, this paragraph contains legal argument for which no response is required; to the extent a response is required, the allegations are denied.

47. PKP Defendants state that paragraph 47 is not directed to and seeks no relief from PKP Defendants, and accordingly, PKP Defendants make no response to paragraph 47. To the extent paragraph 47 is deemed to make allegations directed to or seek relief from PKP Defendants, PKP Defendants do not have sufficient information to admit or deny the allegations in paragraph 47 of the First Amended Complaint, and therefore deny the same.

48. PKP Defendants state that paragraph 48 is not directed to and seeks no relief from PKP Defendants, and accordingly, PKP Defendants make no response to paragraph 48. To the extent

paragraph 48 is deemed to make allegations directed to or seek relief from PKP Defendants, PKP Defendants do not have sufficient information to admit or deny the allegations in paragraph 48 of the First Amended Complaint, and therefore deny the same.

49. PKP Defendants state that paragraph 49 is not directed to and seeks no relief from PKP Defendants, and accordingly, PKP Defendants make no response to paragraph 49. To the extent paragraph 49 is deemed to make allegations directed to or seek relief from PKP Defendants, PKP Defendants do not have sufficient information to admit or deny the allegations in paragraph 49 of the First Amended Complaint, and therefore deny the same.

50. PKP Defendants state that paragraph 50 is not directed to and seeks no relief from PKP Defendants, and accordingly, PKP Defendants make no response to paragraph 50. To the extent paragraph 50 is deemed to make allegations directed to or seek relief from PKP Defendants, PKP Defendants do not have sufficient information to admit or deny the allegations in paragraph 50 of the First Amended Complaint, and therefore deny the same.

51. PKP Defendants deny the allegations in paragraph 51 of the First Amended Complaint regarding Mr. Lipp's status as a guest and the characterization of the party as a Pi Kappa Phi "rush party." PKP Defendants state that the remaining allegations in paragraph 51 is not directed to and seeks no relief from PKP Defendants, and accordingly, PKP Defendants make no further response to paragraph 51. To the extent paragraph 51 is deemed to make allegations directed to or seek relief from PKP Defendants, PKP Defendants do not have sufficient information to admit or deny the remaining allegations in paragraph 51 of the First Amended Complaint, and therefore deny the same.

52. Answering paragraph 52, PKP Defendants admit that Jack Lipp died on December 25, 2014. PKP Defendants state that paragraph 52 is not directed to and seeks no relief from PKP Defendants, and accordingly, PKP Defendants make no response to paragraph 52. Further, this paragraph contains

legal argument for which no response is required; to the extent a response is required, the allegations are denied.

53. Answering paragraph 53, PKP Defendants admit that Jack Lipp died on December 25, 2014. PKP Defendants state that paragraph 53 is not directed to and seeks no relief from PKP Defendants, and accordingly, PKP Defendants make no response to paragraph 52. Further, this paragraph contains legal argument for which no response is required; to the extent a response is required, the allegations are denied.

54. PKP Defendants state that paragraph 54 is not directed to and seeks no relief from PKP Defendants, and accordingly, PKP Defendants make no response to paragraph 54. Further, this paragraph contains legal argument for which no response is required; to the extent a response is required, the allegations are denied.

55. PKP Defendants state that paragraph 55 is not directed to and seeks no relief from PKP Defendants, and accordingly, PKP Defendants make no response to paragraph 55. Further, this paragraph contains legal argument for which no response is required; to the extent a response is required, the allegations are denied.

56. PKP Defendants state that paragraph 56 is not directed to and seeks no relief from PKP Defendants, and accordingly, PKP Defendants make no response to paragraph 56. Further, this paragraph contains legal argument for which no response is required; to the extent a response is required, the allegations are denied.

## COUNT II –NEGLIGENCE
## DEFENDANT ACC

57. PKP Defendants incorporate by reference their responses to paragraphs 1-56, above.

58. PKP Defendants state that paragraph 58 is not directed to and seeks no relief from PKP Defendants, and accordingly, PKP Defendants make no response to paragraph 58. Further, this

paragraph contains legal argument for which no response is required; to the extent a response is required, the allegations are denied.

59. PKP Defendants state that paragraph 59 is not directed to and seeks no relief from PKP Defendants, and accordingly, PKP Defendants make no response to paragraph 59. Further, this paragraph contains legal argument for which no response is required; to the extent a response is required, the allegations are denied.

60. PKP Defendants state that paragraph 60 is not directed to and seeks no relief from PKP Defendants, and accordingly, PKP Defendants make no response to paragraph 60. To the extent paragraph 60 is deemed to make allegations directed to or seek relief from PKP Defendants, PKP Defendants do not have sufficient information to admit or deny the allegations in paragraph 60 of the First Amended Complaint, and therefore deny the same.

61. PKP Defendants state that paragraph 61 is not directed to and seeks no relief from PKP Defendants, and accordingly, PKP Defendants make no response to paragraph 61. To the extent paragraph 61 is deemed to make allegations directed to or seek relief from PKP Defendants, PKP Defendants do not have sufficient information to admit or deny the allegations in paragraph 61 of the First Amended Complaint, and therefore deny the same.

62. PKP Defendants state that paragraph 62 is not directed to and seeks no relief from PKP Defendants, and accordingly, PKP Defendants make no response to paragraph 62. To the extent paragraph 62 is deemed to make allegations directed to or seek relief from PKP Defendants, PKP Defendants do not have sufficient information to admit or deny the allegations in paragraph 62 of the First Amended Complaint, and therefore deny the same.

63. PKP Defendants state that paragraph 63 is not directed to and seeks no relief from PKP Defendants, and accordingly, PKP Defendants make no response to paragraph 63. To the extent paragraph 63 is deemed to make allegations directed to or seek relief from PKP Defendants, PKP

Defendants do not have sufficient information to admit or deny the allegations in paragraph 63 of the First Amended Complaint, and therefore deny the same.

64. PKP Defendants state that paragraph 64 is not directed to and seeks no relief from PKP Defendants, and accordingly, PKP Defendants make no response to paragraph 64. To the extent paragraph 64 is deemed to make allegations directed to or seek relief from PKP Defendants, PKP Defendants do not have sufficient information to admit or deny the allegations in paragraph 64 of the First Amended Complaint, and therefore deny the same.

65. PKP Defendants state that paragraph 65 is not directed to and seeks no relief from PKP Defendants, and accordingly, PKP Defendants make no response to paragraph 65. To the extent paragraph 65 is deemed to make allegations directed to or seek relief from PKP Defendants, PKP Defendants do not have sufficient information to admit or deny the allegations in paragraph 65 of the First Amended Complaint, and therefore deny the same.

66. PKP Defendants deny the allegations in paragraph 66 of the First Amended Complaint regarding Mr. Lipp's status as a guest and the characterization of the party as a Pi Kappa Phi "rush party." PKP Defendants state that the remaining allegations in paragraph 66 are not directed to and seeks no relief from PKP Defendants, and accordingly, PKP Defendants make no further response to paragraph 66. To the extent paragraph 66 is deemed to make allegations directed to or seeks relief from PKP Defendants, PKP Defendants do not have sufficient information to admit or deny the remaining allegations in paragraph 66 of the First Amended Complaint, and therefore deny the same.

67. Answering paragraph 67, PKP Defendants admit that Jack Lipp died on December 25, 2014. PKP Defendants state that paragraph 67 is not directed to and seeks no relief from PKP Defendants, and accordingly, PKP Defendants make no response to paragraph 67. Further, this paragraph contains legal argument for which no response is required; to the extent a response is required, the allegations are denied.

68. Answering paragraph 68, PKP Defendants admit that Jack Lipp died on December 25, 2014. PKP Defendants state that paragraph 68 is not directed to and seeks no relief from PKP Defendants, and accordingly, PKP Defendants make no response to paragraph 68. Further, this paragraph contains legal argument for which no response is required; to the extent a response is required, the allegations are denied.

69. PKP Defendants state that paragraph 69 is not directed to and seeks no relief from PKP Defendants, and accordingly, PKP Defendants make no response to paragraph 69. Further, this paragraph contains legal argument for which no response is required; to the extent a response is required, the allegations are denied.

70. PKP Defendants state that paragraph 70 is not directed to and seeks no relief from PKP Defendants, and accordingly, PKP Defendants make no response to paragraph 70. Further, this paragraph contains legal argument for which no response is required; to the extent a response is required, the allegations are denied.

71. PKP Defendants state that paragraph 71 is not directed to and seeks no relief from PKP Defendants, and accordingly, PKP Defendants make no response to paragraph 71. Further, this paragraph contains legal argument for which no response is required; to the extent a response is required, the allegations are denied.

### COUNT III- NEGLIGENCE
### (PKP DEFENDANTS PI KAPPA PHI NATIONAL HEADQUARTERS AND PI KAPPA PHI MISSOURI)

72. PKP Defendants incorporate by reference their responses to paragraphs 1-71, above.

73. This paragraph contains legal argument for which no response is required; to the extent a response is required, the allegations are denied.

74. This paragraph contains legal argument for which no response is required; to the extent a response is required, the allegations are denied.

75. PKP Defendants deny the allegations in paragraph 75.

76. This paragraph contains legal argument for which no response is required; to the extent a response is required, the allegations are denied.

77. This paragraph contains legal argument for which no response is required; to the extent a response is required, the allegations are denied.

78. PKP Defendants deny the allegation characterizing the party as a Pi Kappa Phi "rush party." Further, this paragraph contains legal argument for which no response is required; to the extent a response is required, the allegations are denied.

79. This paragraph, including its subparts, contains legal argument for which no response is required; to the extent a response is required, the allegations are denied.

80. This paragraph contains legal argument for which no response is required; to the extent a response is required, the allegations are denied.

81. This paragraph contains legal argument for which no response is required; to the extent a response is required, the allegations are denied.

82. This paragraph contains legal argument for which no response is required; to the extent a response is required, the allegations are denied.

83. This paragraph contains legal argument for which no response is required; to the extent a response is required, the allegations are denied.

With respect to the request for relief in the unnumbered paragraph following paragraph 83, the PKP Defendants deny that Plaintiffs are entitled to any of the relief requested.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. PKP Defendants allege that the actions, omissions, and negligence of Mr. Jack Lipp and/or other various third parties not in PKP Defendants' control were the sole proximate cause of the alleged injuries and damages, if any, sustained by Plaintiffs.

2. PKP Defendants further assert that the incident complained of was beyond the reasonable control or foreseeability of PKP Defendants to prevent.

3. PKP Defendants further assert that there is no proximate cause between any alleged failure on the part of PKP Defendants and Plaintiffs' alleged injuries.

4. PKP Defendants further assert that PKP Defendants did not have actual or constructive knowledge of a condition that posed an unreasonable risk of harm to Jack Lipp, decedent.

5. PKP Defendants further assert that there is no duty owed by PKP Defendants to Plaintiffs or to Mr. Lipp.

6. PKP Defendants further assert that the accident giving rise to the claims in the Plaintiffs' First Amended Complaint did not occur at or near a premises owned or controlled by PKP Defendants.

7. PKP Defendants state that, in accordance with RSMo § 510.265, any award for punitive/exemplary damages shall be limited to the greater of Five Hundred Thousand Dollars ($500,000.00) or five times the net amount of the judgment awarded to Plaintiffs against any Defendant.

8. Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted against PKP Defendants. PKP Defendants re-allege and incorporate its Motion to Dismiss filed contemporaneously with this Answer.

9. If it is determined upon trial of Plaintiffs' First Amended Complaint that Plaintiffs' damages, if any, resulted in part from the negligence of PKP Defendants, PKP Defendants denying all negligence, then and in that event, Plaintiffs' damages should be reduced by that percentage of negligence of Plaintiffs' decedent that is determined to have caused or contributed to cause the damages of Plaintiffs as determined upon the comparison of the negligence of all parties causing or contributing to cause Plaintiffs' damages.

10. PKP Defendants reserve the right to file a motion pursuant to RSMo §490.715.5 to seek a hearing on the reasonableness of any medical bills allegedly incurred by Plaintiffs' decedent in connection with any injuries or damages alleged herein.

11. PKP Defendants state that they are entitled to the apportionment and allocation of fault between and among all parties, individuals, and entities as directed by Missouri law, and are entitled to have such apportionment and allocation of fault among all appropriate parties, individuals, and entities which the evidence indicates may be at fault and/or liable to Plaintiffs, if anyone, which fault these separate PKP Defendants specifically deny, and that each party, individual and/or entity be apportioned and allocated their respective percentages of fault by the trier of fact.

12. PKP Defendants request that if Plaintiffs enter into any agreement by Release, Covenant not to Sue, or not to enforce Judgment, or if Plaintiffs receive anything of value from any party, individual or entity, based on a settlement of claims, incident to, or related to, the allegations of their First Amended Complaint, the stipulated amount of any such agreement, or the amount of any such payment or consideration, whichever is greater, should be treated as a payment in full satisfaction of the damages of Plaintiffs, or in the alternative, that the amount agreed upon, or the amount of any such payment or consideration, whichever is greater, be set off and applied as a credit against any Judgment that may be entered against these PKP Defendants, all in accordance with RSMo §537.060.

13. PKP Defendants state that, pursuant to RSMo §537.067, if any of the PKP Defendants are found to bear less than 51% of fault, then such Defendant shall only be responsible for the percentage of the Judgment for which such Defendant is determined to be responsible by the trier of fact, and such Defendant will not be liable for the fault of any other Defendant, or for the payment, or the portion share of any other Defendant.

14. PKP Defendants further affirmatively state that they owed no duty to Plaintiffs' decedent Jack Lipp to protect him from harm as the balcony and the subject railing were open and obvious as a matter of law.

15. PKP Defendants further affirmatively state that Plaintiffs' damages, if any, were caused by Jack Lipp's failure to keep a careful lookout and observe both the edge of the balcony and the railing.

16. PKP Defendants further affirmatively state that they it owed no duty to Plaintiffs or their decedent as the condition of the property was discoverable by Mr. Jack Lipp himself.

17. PKP Defendants further affirmatively state that the balcony and railing were only accessible through the bedroom of a single tenant of 507 South Fourth Street and were therefore not located in a common area of the property.

18. PKP Defendants further affirmatively state that Plaintiffs' claim is barred by the doctrine of assumption of risk in that Plaintiffs' decedent assumed a well-known risk that by voluntarily placing himself in a position of danger due to conditions which were open and obvious to persons exercising ordinary care; and in that Plaintiffs' decedent knowingly proceeded to encounter a known risk and that such conduct by Plaintiffs' decedent was not reasonable.

19. PKP Defendants further state that Plaintiffs must establish their entitlement to an award of punitive damages by clear and convincing evidence.

20. PKP Defendants reserve the right to introduce evidence at trial of any other defenses that may be raised in good faith based on discovery or independent investigation.

21. Plaintiffs have no statutory or other right to recovery of pre-judgment interest in this matter

22. PKP Defendants are entitled to statutory limitations on punitive damages set forth in RSMo. § 510.265, limitations on discovery as to a defendant's assets as provided in RSMo. § 510.263.8, and all other limitations and restrictions on awards for punitive damages as stated in RSMo. § 510.263, et seq., and any and all limitations and restrictions on awards of punitive damages to the extent any such

award would violate PKP Defendants' constitutional rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and Article I, Section 10, 18, 19, 21 and Article I, Section 2 of the Missouri Constitution in that punitive damages are penal in nature and tantamount to the imposition of a criminal fine. Additionally, any punitive damages award in this case against PKP Defendants would be unconstitutional under the same provisions of the United States Constitution and the Missouri Constitution in that the guidelines, standards, and/or instructions for punitive damages are vague, indefinite, and uncertain and neither limit the damages which can be awarded nor apprise the defendants of the conduct that subject them to punitive damages. An award of punitive damages as asserted would constitute a deprivation of property without substantive and procedural due process in violation of the Fifth and Fourteenth Amendments to the United States Constitution, would impermissibly burden interstate commerce, and may constitute cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

## PRAYER

WHEREFORE, Defendants Pi Kappa Phi Fraternity, Inc. ("National") and Pi Kappa Phi Fraternity Missouri Beta Epsilon ("Chapter") pray that Plaintiffs take nothing against them by their Complaint and for all other proper relief.

Respectfully submitted,

By: _____/s/ Jim Ewbank_____

Jim Ewbank
State Bar No. 06752710, *pro hac vice*
Mitchell F. Zoll
State Bar No. 24049656, *pro hac vice*
COKINOS BOSIEN & YOUNG
1210 Nueces St.
Austin, Texas 78701
(512) 476-1080
FAX: (512) 610-1184

*and*

John L. Roark #33237
SMITH LEWIS, LLP
111 South Ninth Street, Suite 200
P.O. Box 918
Columbia, MO 65205-0918
Tel:   573-443-3141
(Fax)  573-442-6686

**ATTORNEYS FOR PKP DEFENDANTS**

## CERTIFICATE OF SERVICE

  I certify that the foregoing has been served upon the following counsel by first class United States mail, postage prepaid and by facsimile, this 28th day of January 2016.

Aaron Widel Smith
aw@awsmithlaw.com
The A.W. Smith Law Firm
2100 West Broadway
Columbia, Missouri 65203
Fax: (573) 443-7301
*Attorney for Plaintiffs*

Jeffrey H. Blaylock
jblaylock@fpb-law.com
Ford, Parshall & Baker, L.L.C.
3210 Bluff Creek Drive
Columbia, MO 65201-3525
Fax: (573) 875-8154

            _/s/ Jim Ewbank_
            Jim Ewbank