IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JOHN P. LIPP and STEPHANIE S. LIPP, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 2:15-cv-04257-NKL |
| | ) |
| GINGER C, L.L.C., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is Defendant Roland Management's Motion for Summary Judgment, [Doc. 352]. For the following reasons, Defendant's Motion is granted.

**I.  Background[1]**

On December 13, 2014, Plaintiffs' son Jack Lipp attended a party at 507 South Fourth Street in Columbia, Missouri. At some point in the evening, Lipp went onto a second-floor deck on the south side of the property. After the balcony railing gave way, Lipp fell 18 feet to the driveway.  Lipp died on December 25, 2014 as a result of his injuries.

Defendant Ginger C, LLC purchased the property at 507 South Fourth Street on October 22, 2014. Defendant Roland Management has provided property management services to various properties owned by Ginger C for approximately three years. Mr. Roland Nabhan, the sole Member and Manager of Roland Management, had an agreement with Ginger C to manage, or at

---

[1]  Unless otherwise noted, the facts recited are those which are properly supported and undisputed for the purpose of this Motion only.

1

least to maintain,[2] the property at 507 South Fourth Street. Ginger C also hires other parties to perform repairs to the property at 507 South Fourth Street, including the previous owner of the property, Derrow Properties. A Derrow Properties employee made a repair to the balcony railing on or about September 24, 2014.

When Ginger C purchased the property, three tenants occupied the home under a lease agreement. Ginger C gave the tenants of the Property a notice that if there were any maintenance issues with the Property, the tenants could contact Mr. Nabhan by phone or they could contact Ginger C's owner, Nahkle Asmar. The lease agreement permitted the landlord or its agent to inspect the premises for any damage or destruction at all reasonable times and for the purpose of making any necessary repairs. Both Mr. Nabhan and Mr. Asmar had keys to the property.

The crux of Plaintiffs' negligence claim is that the second floor balcony railing was a dangerous condition that caused Jack Lipp's death. Prior to December 13, 2014, Roland Management contends that no one requested Mr. Nabhan to inspect the property to determine whether there were any repairs or safety issues which needed to be addressed nor did anyone request Roland Management or Mr. Nabhan to make any repairs to the balcony railing. [Doc. 352, p. 4]. Thus, Defendant contends that "Roland Management and Mr. Nabhan had no actual knowledge of the condition of the balcony or balcony railing prior to the time Jack Lipp was injured." *Id.* Plaintiffs dispute these claims and argue that even without a formal request, the condition was open and obvious, particularly because Roland Management attended any inspections done on the premises. [Doc. 406, pp. 10–11].

In Count III of Plaintiffs' Fourth Amended Complaint, Plaintiffs allege Defendant Roland Management negligently caused the death of Jack Lipp by failing to maintain the balcony railing,

---

[2] *See* [Doc. 425-1, p. 3] ("Mr. Asmar: [M]anage is a vague—is very general. . . It's mostly maintenance.").

failing to warn of the condition, and failing to inspect or repair that condition. [Doc. 184, pp. 24–29]. Defendant moves for summary judgment on Count III, arguing that Roland Management had no duty to protect Jack Lipp from injury.

**II.     Discussion**

A motion for summary judgment "is appropriate when the evidence, viewed in a light most favorable to the nonmoving party, shows no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 999 (8th Cir. 2011) (citation omitted). The moving party bears the burden of establishing a lack of genuine issue of fact. *Brunsting v. Lutsen Mountains Corp.,* 601 F.3d 813, 820 (8th Cir. 2010). "A judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Hudson v. Tyson Fresh Meats, Inc.*, 787 F.3d 861, 868 (8th Cir. 2015) (citation omitted). "Summary judgment is to be granted only where the evidence is such that no reasonable jury could return a verdict for the non-moving party." *Smith v. Basin Park Hotel, Inc.*, 350 F.3d 810, 813 (8th Cir. 2003) (citation omitted).

The legal issue in Defendant's Motion is whether or not Roland Management owed a duty of care to Jack Lipp; if no duty was owed, no duty could be breached, and Roland Management cannot be liable for Lipp's injuries. Under Missouri law, landlords are generally protected from liability for personal injuries caused by a dangerous condition existing on the leased premises. *See Stephenson v. Countryside Townhomes, LLC,* 437 S.W.3d 380, 385 (Mo. App. E.D. 2014), *Caples v. Earthgrains, Co,* 43 S.W.3d at 449 (Mo. App. E.D. 2001); *Dean v. Gruber,* 978 S.W.2d 501, 503 (Mo. App. W.D. 1998). The recognized exceptions to the rule include: (1) a hidden dangerous condition; (2) where the injury occurs in a "common area" used

by two or more tenants and/or landlord and tenants; and (3) where the landlord is contractually obligated to make repairs and has retained sufficient control over the premises. *Caples,* 43 S.W.3d at 449.

Although Roland Management neither owned nor occupied the property at 507 South Fourth Street, Roland Management owed a duty to Lipp if it possessed the property at the time of his injury. *See Adams v. Badgett*, 114 S.W.3d at 436 (Mo. App. E.D. 2003). Missouri has adopted the Restatement (Second) of Torts, which defines the term "possessor" as a party "who is in occupation of the land with intent to control it." Restatement (Second) of Torts § 328E(a). Per that definition, a party may still possess property it does not own. *Bowman v. McDonald's Corp.*, 916 S.W.2d 270, 285 (Mo. Ct. App. 1995), *overruled on other grounds by Richardson v. QuikTrip Corp.*, 81 S.W.3d 54 (Mo. Ct. App. 2002) ("Ownership is not a requirement for possession of the land in order to establish liability under section[ ] 328E.").

Under Missouri law, a party legally possesses a premises when (1) it exercises its right to direct the use of the premises; or (2) it exercises its right to admit people to the premises and exclude people from it. *Medley*, 460 S.W. 3d at 496-497. Roland Management contends it had no such rights.

Plaintiffs cite cases for support that found landlords may be liable for injuries sustained on the property. *See, e.g.*, *Lemm v. Gould*, 425 S.W.2d 190, 195 (Mo. 1968); *Stephenson v. Countryside Townhomes, LLC*, 437 S.W.3d 380, 385 (Mo. App. E.D. 2014); *Caples v. Earthgrains Co.,* 43 S.W.3d 444, 450 (Mo. App. E.D. 2001). In their Fourth Amended Complaint, Plaintiffs allege Roland Management was the "de facto landlord" because it assumed some maintenance responsibility for and had access to the property. [Doc. 184, p. 25]. But at the Summary Judgment stage, although the moving party bears the burden of establishing a lack of

4

genuine issue of material fact, Plaintiffs cannot rest on bare allegations in their complaint. *See* Fed. R. Civ. Pro. 56; *Kountze v. Gaines*, 536 F.3d 813, 818 (8th Cir. 2008) ("Once Appellees met their burden of demonstrating a lack of genuine issues of material fact, [Plaintiff] was required to designate specific facts creating a triable controversy.") (citation omitted).

Plaintiffs note the following facts to support their assertion that Roland Management possessed the property: (1) Roland Management was considered an insured under Ginger C's policy; (2) Roland Nahban had decision making authority about what needed to be fixed on the property; (3) Roland Management had keys to the property; (4) Roland Nahban instructed the tenants to "clean the place up" on December 13, 2014; and (5) on December 15, 2014, Roland Management placed a keyed deadbolt on the door to the balcony without approval from the tenants so that the door was secured. [Doc. 406, pp. 29–30].

Those facts do not controvert Roland Management's assertion that it did not possess the property. "The landlord's continuation of an insurance policy is one factor that this court has found relevant to the issue of control." *McKinney v. H.M.K.G. & C., Inc.*, 123 SW3d 274, 283 (Mo. App. W.D. 2003). But Plaintiffs do not cite support that an additional insured under another's policy is relevant to the issue of control. The only facts offered regarding control over the premises are that he asked the tenants to "clean the place up" and, after Jack Lipp's fall, placed a keyed deadbolt on the door to the balcony.

Plaintiffs do not offer facts to dispute that Roland Management (1) had no ownership interest in the property, (2) was not party to any lease agreements pertaining to the property, and (3) did not make any repairs to the property prior to December 2014. Plaintiffs point to instances where "a landlord" performed repairs or visited the property unannounced. [Doc. 406, pp. 28–29]. Similarly, Plaintiffs note that the prior owner's maintenance employee had knowledge of the

balcony condition and even made repairs to the balcony railing. *Id.* But Plaintiffs never allege that Roland Management performed that maintenance nor do they present any facts that Roland Management was the landlord over the property.

While Mr. Nabhan had a key to the property, and may have made repairs to the premises, that is insufficient for a reasonably jury to find that Roland Management possessed the property. *See Lemm*, 425 S.W.2d at 195 ("[T]he obligation to make repairs and the right to enter the premises are insufficient without some additional facts from which a jury can reasonably infer that the landlord retained the requisite degree of control necessary to render it liable based on a duty to make repairs."); *Stephenson,* 437 S.W.3d at 385 ("The mere reservation of a right by a landlord to enter and inspect an apartment or make improvements and repairs does not by itself, create liability. Nor does the fact that repairs were made prior to or after the injury occurred establish control, absent other evidence.") (citations omitted). Plaintiffs have cited no support for the proposition that a property manager or a party charged with maintaining the premises "possessed" the property for purposes of liability merely because it had access to the premises.

Plaintiffs alternative arguments (i.e. general negligence) are all dependent on a finding that Roland Management possessed the premises. Where a dispute exists as to whether the landlord retained control over the site of the injury, the issue of control must be submitted to the jury. *Caples v. Earthgrains Co.,* 43 S.W.3d 444, 450 (Mo. Ct. App. 2001). But here, Roland Management was not the landlord. It had no ownership interest in the property and was not party to any lease agreements concerning the property. Even viewing the evidence in the light most favorable to Plaintiffs and drawing all reasonable inferences in their favor, no reasonable jury could find that Roland Management possessed the property at 507 South Fourth Street.

**III.	Conclusion**

For the foregoing reasons, Roland Management's Motion for Summary Judgment, [Doc. 352], is granted.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Date: January 19, 2017
Jefferson City, Missouri