IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JOHN P. LIPP and STEPHANIE S. LIPP, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 2:15-cv-04257-NKL |
| | ) |
| GINGER C, L.L.C., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is Plaintiffs' Motion for Partial Summary Judgment as to Defendant Ginger C's Third Party/Non-Party Fault Defense, [Doc. 371]. For the following reasons, Plaintiffs' Motion is denied.

**I.      Background**

Plaintiffs, the surviving parents of Jack Lipp, filed suit alleging negligence against Defendants Ginger C, L.L.C., American Campus Communities (ACC), and Roland Management. The suit stems from Lipp's death, which occurred after he fell off a balcony at 507 South Fourth Street in Columbia, Missouri while attending a fraternity party on December 12–13, 2014. Plaintiffs allege Jack Lipp fell because of a defective railing on the balcony.

In September 2014, Derrow Properties LLLC owned the property at 507 South Fourth Street. One of Derrow's maintenance employees, Ryan Krueger, repaired the balcony railing in September 2014 after one of the tenants "kicked out" the balcony railing. Ginger C purchased the property from Derrow in October 2014. Ginger C's purchase of the property was financed by

1

ACC Defendants through a loan and Ginger C assigned its lease to ACC. ACC was set to close on the property along with other properties in the area as part of a redevelopment assemblage in August 2015. Ginger C contracted with Defendant Roland Management for property maintenance. No tenant spoke to Roland Nabhan, Roland Management's sole member, about the balcony railing repair before Jack Lipp suffered injuries.

Chris Strzalka lived at 507 South Fourth Street in the fall of 2014 with roommates Charlie Smith and Mike Novak, all of whom were affiliated with the Pi Kappa Phi fraternity. Lukas Reichert was Vice Archon of Recruitment for Pi Kappa Phi Fraternity in the fall of 2014. Reichert spoke with tenants Mike Novak and Chris Strzalka about hosting the fraternity party at which Jack Lipp was injured.

There was a balcony on the second floor of the property that could only be accessed through Chris Strzalka's bedroom. The tenants of 507 S. Fourth Street and Reichert spoke before the party of December 12-13, 2014 about preventing party attendees from accessing the second story balcony. Specifically, Novak told Reichert that he [Novak] had locked the door to the balcony to prevent people from getting out there. Strzalka testified that he shut the door to his bedroom on the night of the party but allowed "people he knew" to enter his room and store coats or purses during the party. Strzalka also testified that he taped a warning on the door leading to the balcony, although the Police photographs submitted by Defendants show the door to the balcony was unlocked and do not show any warning sign. It is unclear from the evidence available at what time the door was locked and when any sign was visible. Columbia Police believe that party attendees had been using the balcony to urinate due to long bathroom lines.

Jack Lipp arrived at the party shortly after 11:00 p.m. Sometime between 1:00 and 1:30, student Scott Campbell walked out of Strzalka's bedroom and saw Jack Lipp walk into the

bedroom. No more than 15 minutes later, Campbell exited the party and saw Lipp lying on the driveway directly below the second story balcony. He was unconscious and bleeding from his head. On December 25, 2014, Lipp died from his injuries.

Plaintiffs filed their Fourth Amended Complaint against ACC Defendants, Ginger C, Roland Management, and former Defendants Pi Kappa Phi Fraternity, alleging each Defendant was negligent and caused Jack Lipp's injuries. In Ginger C's Answer, it noted "Plaintiffs' damages, if any, were caused by others and not Ginger C." Plaintiffs filed this Motion for Partial Summary Judgment asking the Court to dismiss Ginger C's "third party or non-party fault" defense.

## II. Discussion

A motion for summary judgment "is appropriate when the evidence, viewed in a light most favorable to the nonmoving party, shows no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 999 (8th Cir. 2011) (citation omitted). The moving party bears the burden of establishing a lack of genuine issue of fact. *Brunsting v. Lutsen Mountains Corp.,* 601 F.3d 813, 820 (8th Cir. 2010). "Summary judgment is to be granted only where the evidence is such that no reasonable jury could return a verdict for the non-moving party." *Smith v. Basin Park Hotel, Inc.*, 350 F.3d 810, 813 (8th Cir. 2003) (citation omitted). The Court must review the facts in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences drawn from those facts. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144 (1970). Partial summary judgment "is merely a pretrial adjudication that certain issues shall be deemed established for the trial of the case." Rule 56 Advisory Committee Note.

In their Suggestions in Support of their Motion, Plaintiffs' argue (1) third party and non-

3

Case 2:15-cv-04257-NKL   Document 452   Filed 01/19/17   Page 3 of 6

party fault are affirmative defenses that "defendants have failed to adequately plead and preserve"; and (2) even if procedurally correct, there is no evidence that a third party or non-party was at fault. Ginger C opposes this motion, and asks the Court to allow it to "present[] relevant evidence that it was not negligent and did not cause Plaintiffs' son's death."

In their Reply suggestions, however, Plaintiffs concede that "Ginger C can argue that a non-party was the 'sole cause' of Plaintiffs' injuries." [Doc. 440, p. 7]. The Court agrees; under Missouri law, a defendant may introduce evidence that tends to establish that he or she is not guilty of the negligence charged. *Oldaker v. Peters,* 817 S.W.2d 245, 252 (Mo. banc 1991). That same rule does "not prevent a defendant from arguing that the act of a third person, *even a non-party*, was the sole cause of the plaintiffs *(sic)* injuries." *Mengwasser v. Anthony Kempker Trucking, Inc.*, 312 S.W.3d 368, 373 (Mo. Ct. App. 2010) (emphasis added). In light of this concession, Plaintiffs ask the Court to: (1) order Ginger C to identify the single non-party it intends to argue is responsible for Jack Lipp's injuries, and (2) bar Ginger C from admitting evidence of such fault.

In its Suggestions in Opposition, Ginger C points to the actions of the tenants of 507 South Fourth Street, Pi Kappa Phi Fraternity, and Derrow Properties as potentially relevant in determining who proximately caused Jack Lipp's injuries. Plaintiffs contend that "no Missouri case has allowed a defendant to take a shotgun approach and argue that *multiple* non-parties were all somehow a 'sole' cause of the plaintiff's injuries. . . At a minimum, Ginger C should be required to identify the single non-party it intends to argue was the "sole cause" of Plaintiffs' damages." [Doc. 404, p. 8]. In reviewing the cases cited by Plaintiffs themselves, the Court disagrees.

4

In *Oldaker v. Peters,* 817 S.W.2d 245, 252 (Mo. banc 1991), the plaintiffs appealed the trial court's decision to allow the defendant to "argue the comparative fault of *two non-parties*." (emphasis added). The Missouri Supreme Court affirmed that allowance, because "[t]he issue . . . is not apportionment, but the alleged negligence of [the defendant]. Defendant may introduce any evidence that tends to establish that she is not guilty of the negligence charged." *Id.* at 252. Plaintiffs cite no support for their argument that Ginger C must identify a single non-party, and the Court finds no reason to distinguish between the Missouri Supreme Court's decision to allow argument about two non-parties to Ginger C's argument about three.

Plaintiffs also argue that "Ginger C should be barred from introducing evidence of any non-party fault." [Doc. 404, p. 8]. Plaintiffs ask the Court to allow argument but bar evidence of third party or non-party fault, but do so without any legal support for this action. Plaintiffs also offer no specific evidence they wish to exclude. With neither case law nor evidentiary rules to support this request, the Court declines to bar a potentially wide swath of hypothetical evidence. If, as Plaintiffs argue, this evidence would "litter the trial with irrelevant facts and data that are divorced from any real nexus to Jack Lipp's fall," Plaintiffs may make appropriate objections during trial or before.

**III.   Conclusion**

For the foregoing reasons, Plaintiffs' Motion for Partial Summary Judgment as to Defendant Ginger C's Third Party/Non-Party Fault Defense, [Doc. 371], is denied.

5

                                      <u>s/ Nanette K. Laughrey</u>
                                      NANETTE K. LAUGHREY
                                      United States District Judge

Dated: <u>January 19, 2017</u>
Jefferson City, Missouri