IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JOHN P. LIPP and STEPHANIE S. LIPP, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>GINGER C, L.L.C., *et al.*, )<br>)<br>Defendants. ) | Case No. 2:15-cv-04257-NKL |

**ORDER**

Pursuant to Mo. Rev. Stat. § 537.095, Plaintiffs John and Stephanie Lipp, Defendant Ginger C, Defendant Roland Management, and ACC Defendants have asked the Court to approve their settlement agreement in this wrongful death suit [Doc. 477]. For the following reasons, the settlement is approved.

**I.      Background**

Plaintiffs, the surviving parents of Jack Lipp, filed suit under Missouri's wrongful death statute, Mo. Rev. Stat. § 537.080, alleging negligence against Defendants Ginger C, L.L.C., several American Campus Communities entities (ACC), Roland Management, and Pi Kappa Phi Fraternity (both national and local chapters). The suit stems from Jack Lipp's death, which occurred when he fell off a balcony at 507 South Fourth Street in Columbia, Missouri while attending a fraternity party allegedly hosted by PKP Chapter, the local chapter of PKP National.

1

Plaintiffs agreed to a settlement of all claims against Defendant PKP Chapter (through Scott Swafford) and PKP National, which was approved by the Court on November 1, 2016. Thereafter, Plaintiffs reached a settlement with the remaining Defendants ACC, Ginger C, and Roland Management. This motion for approval of the wrongful death settlement, [Doc. 477], followed.

**II.     Discussion**

The parties ask the Court to approve a final settlement of $5,000,000.00. Of that total, Defendants will pay 40%, or $2,000,000.00, directly to Plaintiffs' counsel—A.W. Smith Law Firm and Horn, Aylward, and Bandy Law Firm. Litigation expenses left in this case total $150,616.66.[1] The parties have agreed that $150,616.66 of the settlement funds will be applied to satisfy Plaintiffs' counsel's litigation costs and expenses.

As such, the parties ask the Court to approve their settlement and distribute the settlement funds as follows: $2,849,383.32 to Plaintiffs (half to John Lipp and half to Stephanie Lipp); $2,000,000.00 to Plaintiffs' counsel in attorneys' fees; and $150,616.66 to Plaintiffs' counsel in costs and expenses.

Section 537.095 provides that the trial court must approve any settlement in a claim for damages under Missouri's wrongful death statute, Mo. Rev. Stat. § 537.080. Specifically, "upon the approval of any settlement for which a petition or application for such approval has been filed, the court shall state the total settlement approved. The court shall then enter a judgment as to such damages, apportioning them among those persons entitled thereto in proportion to the losses suffered by each as determined by the court." Mo. Rev. Stat. § 537.095.3. If multiple

---

[1] A portion of the litigation expenses have already been paid as part of Plaintiffs' previous settlement with PKP Fraternity.

parties have standing to sue under the wrongful death statute, "any one or more of them may compromise or settle the claim for damages with approval of any circuit court, . . . provided that the claimant or petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under Section 537.080." Mo. Rev. Stat. § 537.095.1.

In entering judgment, "[t]he court shall order the claimant: (1) To collect and receipt for the payment of the judgment; (2) To deduct and pay the expenses of recovery and collection of the judgment and the attorneys' fees as contracted . . . (3) To acknowledge satisfaction in whole or in part for the judgment and costs; (4) To distribute the net proceeds as ordered by the court; and (5) To report and account therefor to the court." Mo. Rev. Stat. § 537.095.4.

Therefore, before granting judgment, the Court must resolve four questions: whether (1) the Plaintiffs attempted to notify all parties having a cause of action arising from Jack Lipp's death, (2) the proposed settlement is properly apportioned, (3) the attorneys' fees provided in the proposed settlement are proper, and (4) the parties' proposal for distributing the settlement proceeds complies with the statutory requirement.

**A. Notice**

As a prerequisite to approval, any settlement under the Missouri wrongful death statute must demonstrate "a diligent attempt to provide notice to all parties having a cause of action." *Snead by Snead v. Cordes by Golding*, 811 S.W.2d 391, 395 (Mo. Ct. App. 1991). A party has a cause of action if he is "the spouse or children or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive." Mo. Rev. Stat. § 537.080.1(1).

Plaintiffs Stephanie and John Lipp have each signed an affidavit stating that "John Lipp and Stephanie Lipp are the only Class I beneficiaries entitled to bring a cause of action for the

wrongful death of Jack Lipp" because "Jack Lipp was an adult over the age of eighteen, had never been married, and had no children." [Docs. 479, 480].

Having reviewed these affidavits, the Court concludes that no other parties have a cause of action arising out of Jack Lipp's death. It follows, therefore, that the Plaintiffs have satisfied the statutory notice requirement.

**B. Apportionment**

In a wrongful death action, the trial court has discretion in apportioning settlement proceeds. *Kavanaugh v. Mid-Century Ins. Co.*, 937 S.W.2d 243, 246 (Mo. Ct. App. 1996). *See also Keene v. Wilson Refuse, Inc.*, 788 S.W.2d 324, 326 (Mo. Ct. App. 1990) ("The legislature chose to place the duty and responsibility of apportionment of losses in a wrongful death case squarely within the determination of the trial court."). After weighing the losses suffered by each party, a court may reasonably exercise this discretion by awarding plaintiffs unequal portions from the settlement fund. *Kavanaugh*, 788 S.W.2d at 246. Conversely, a court may also determine that two parties merit the same award even in a case where their losses suffered are dissimilar. *Keene*, 788 S.W.2d at 326.

The Plaintiffs have agreed to split evenly the remainder of the settlement proceeds after attorney's fees and expenses are deducted. Plaintiffs each separately acknowledge this distribution and the Court finds no reason to disturb this arrangement.

**C. Attorneys' Fees**

Section 537.095.4(2) provides that a court "shall order the claimant . . . [t]o deduct and pay the expenses of recovery and collection of the judgment and the attorneys' fees as contracted." Missouri courts read this language to foreclose any judicial discretion when awarding attorneys' fees: if plaintiffs and counsel have signed a fee agreement, a court cannot

modify this contract when approving the wrongful death settlement. *Keene*, 788 S.W.2d at 327 ("[T]he clear language of the statute does not authorize an award of attorney's fees as the court deems fair and equitable.") (internal quotations omitted). As such, when considering a request for attorneys' fees in this situation, a court is tasked only to establish that such a contract exists, and if one does, the court must order payment per its terms. *Haynes v. Bohon*, 878 S.W.2d 902, 905 (Mo. Ct. App. 1994).

The parties carry the burden of providing evidence of a fee arrangement contract. *Id*. In support of Plaintiffs' contingency fee agreement between Plaintiffs and A.W. Smith as part of Plaintiffs' previous settlement, the parties submitted a copy of their agreement. The agreement states that "if [the] claim is settled after the petition is filed and after the lawsuit begins, but before, during, or after the trial of the case," Plaintiffs will pay attorneys' fees in the amount of "40% of the amounts recovered." Additionally, the agreement states that the A.W. Smith Law Firm "will advance the necessary costs associated with my case, but [Plaintiffs] understand and agree . . . [to] reimburse those costs to the A.W. Smith Law Firm."

The Court has reviewed these terms and determines that, consistent with the parties' settlement request, Plaintiffs' counsel are entitled 40% of the settlement figure received from this settlement. The Court further determines that a payment of $150,616.66 in remaining litigation costs and expenses is also appropriate.

**D. Distribution**

By the terms of Section 537.095, a court, in approving a wrongful death settlement, must order the claimant to collect the judgment, deduct expenses and attorneys' fees, distribute the proceeds, and report to the court that these steps have been accomplished. *See* Mo. Rev. Stat. § 537.095.4. The Missouri Supreme Court has made clear that this process must be strictly

followed. *Parr v. Parr*, 16 S.W.3d 332, 338-39 (Mo. banc 2000) (modifying the trial court's judgment to conform with Section 537.095's procedures).

In *Parr*, the court first apportioned the settlement proceeds between the decedent's wife and children. It then determined that the decedent's wife, who had suffered the largest economic and non-economic loss from his death, would serve as the claimant for purposes of the distribution process. In doing so, the court authorized the decedent's wife to receive the entire settlement amount. It ordered her, however, to subsequently pay expenses and attorneys' fees from the settlement proceeds, acknowledge satisfaction for the judgment and costs, and distribute the net proceeds to her children as determined by the court. Finally, the court ordered the decedent's wife to file written receipts demonstrating her compliance with the judgment.

The Court will accordingly follow *Parr*'s framework in ordering distribution of the parties' agreed-upon $5,000,000 settlement. For the purpose of this proceeding, Stephanie Lipp, Jack Lipp's mother, shall serve as the claimant. Stephanie Lipp shall collect the $5,000,000 settlement from the Defendants.

From these proceeds, Stephanie Lipp shall distribute $1,424,691.67 (half of the settlement remaining after attorneys' fees and litigation expenses) to her husband John Lipp. Stephanie Lipp shall distribute $2,000,000.00 (attorneys' fees) and $150,616.66 (remaining costs and expenses) to A.W. Smith Law Firm and Horn, Aylward, and Bandy Law Firm, pursuant to the contingency fee agreement signed by Plaintiffs and their counsel, and acknowledge full settlement of claims against all Defendants in this case.

After distribution, Plaintiffs are directed to file a report with this Court concerning the receipt and distribution of the settlement funds pursuant to Mo. Rev. Stat. § 537.095.4.

**III.     Conclusion**

For the foregoing reasons, the Parties' Motion for Settlement Approval, [Doc. 477], is granted.

                                                                     s/ Nanette K. Laughrey
                                                                     NANETTE K. LAUGHREY
                                                                     United States District Judge

Dated:  April 7, 2017
Jefferson City, Missouri